Mr. Justice Clayton
delivered the opinion of the court.
This was an action of trespass upon the case, brought by the defendant in error, for illegally causing slaves which belonged to her, to be seized under execution against a third person. The suit was brought against the sheriff and his sureties in his official bond, against Lacoste, the plaintiff, under whose execution the slaves had been taken, against Balfour, who was his surety in an indemnifying bond given to induce the levy, and against the attorney of Lacoste. The suit was subsequently discontinued as to several of the parties, and upon the trial a verdict was rendered in favor of the sheriff, but against Balfour and Lacoste, for the sum of $270.
The declaration avers, that, at the time of the injury, “ the slaves had been let to hire to one James P. Clark, for a certain time then to come and unexpired, and that they were then in possession of said Clark, under and by virtue of such letting; and that defendants wrongfully took said slaves out of the possession of said Clark, to the injury of the reversionary interest and property of the plaintiff.”
The evidence is, that the negroes were taken from the possession .of Clark by the sheriff in the summer of 1840, were detained by him for about ten w"eeks; and were redelivered to Clark after he had obtained an injunction to prevent their sale. There is no proof of -any injury to the reversionary interest. On the contrary, the evidence is, that the negroes were redelivered to Clark, during the year, and were by him surrendered to the agent of the plaintiff at the end of the year.
There is a great deal of other extraneous matter, not at all necessary to be noticed in this opinion.
*591 In the action on^the case for injuries to personal property, it must be proved that the plaintiff had a legal right or interest in the matter or thing affected by the injury, at the time of such injury. The absolute or general owner having the right of immediate possession, may in general support an action for an injury thereto, though at the time when the injury was committed, the goods were in the actual possession of a servant, carrier, or other bailee. But then such owner must have the right of immediate possession, as well as the right of property at the time. If the goods have been let to hire, the action cannot be sustained by the general bwner, unless an injury to the reversionary interest be established. 1 Saund. Pl. and Ev. 346 ; Gordon v. Harper, 7 T. R. 9.
The first instruction given to the jury, at the instance of the plaintiff, was as follows: “ If they believe that the plaintiff owned and had possession of the slaves, by herself or agent, and that they were placed in possession of Clark on hire by her or her agent, and that, during the time they were so in his possession under her, the defendants procured the sheriff to take possession of them, and that he did take possession of them, and refused to redeliver them on request; this refusal was a tort and an injury to the plaintiff, for which the defendants were liable.”
According to the principles just stated, this charge was erroneous. The damage complained of was done to Clark, to whom the slaves were hired. The plaintiff could not sue for an injury to them, during the time of the hire, unless she proved an injury to her reversionary interest. This was a material allegation in the declaration, and the failure to prove it, deprived the party of the right of recovery.
The judgment is reversed, and new trial awarded.